UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tacori Enterprises,

        Plaintiff,                                        Case No.  1:15cv497

           v.                                       Judge Michael R. Barrett

Michael Joaillier, Inc.
doing business as
James Free Jewelers,

        Defendant.

### **OPINION & ORDER**

This matter is before the Court upon Defendant Michael Joaillier, Inc. d/b/a James Free Jewelers Motion for Dismiss (Doc. 8).  Plaintiff Tacori Enterprises filed a Response in Opposition (Doc. 9) and Defendant filed a Reply (Doc. 11).

**I.**      **BACKGROUND**

Plaintiff Tacori Enterprises ("Tacori") brings this civil action against Defendant Michael Joallier, Inc. d/b/a/ James Free Jewelers ("James Free") for trademark violations under the Lanham Act and other associated state law claims.

Plaintiff Tacori Enterprises is a designer, manufacturer, and marketer of fine jewelry.  (Doc. 1, at PAGEID#: 2).  Tacori owns a number of valid trademarks, including TACORI, TACORI TACORI TACORI, TACORI COLLECTION, TACORI GIRL, and TACORI TUESDAY (collectively, the "Tacori Trademarks"). (Id. at PAGEID#: 3-4). Among Tacori's original jewelry designs are pieces of jewelry that display crescents, known as "Tacori Crescent Jewelry."  (Id. at PAGEID#: 2).  Tacori sells this jewelry through authorized retailers, who receive licenses to display and use the various Tacori

Trademarks.  (Id. at PAGEID#: 5).  These authorized retailers are licensed only to sell Tacori Crescent Jewelry to the general public and are prohibited from selling Tacori Crescent Jewelry to other distributors or retailers.  (Id.)

In 2014 and 2015, Tacori sold select pieces from its Tacori Crescent Jewelry line to third-party distributor White Pine Trading, LLC ("White Pine").  (Id. at PAGEID#: 6; Doc. 8-1, at PAGEID#: 76).  The agreement between Tacori and White Pine expressly permitted White Pine to sell this jewelry to dealers not authorized as Tacori retailers, but specifically disclaimed any and all Tacori warranties on the pieces sold to White Pine. (See Doc. 8-1, at PAGEID#: 76).

Defendant James Free is an independent retailer of fine jewelry and is in the business of marketing and selling jewelry.  (Doc. 1, at PAGEID#: 5; Doc. 8, at PAGEID#: 60). From 2003 to 2006, James Free was an authorized retailer of Tacori jewelry, but James Free is no longer a Tacori-authorized retailer.  (Doc. 1, at PAGEID#: 5-6; Doc. 8, at PAGEID#: 60).  However, James Free currently advertises and sells Tacori jewelry.  (Id.)  Specifically, James Free advertises and sells select pieces of jewelry purchased from third-party distributor White Pine.  (Doc. 1, at PAGEID#: 6, Doc. 8, at PAGEID#: 60).

There are factual allegations currently in dispute between the parties. First, Tacori alleges that James Free has "marketed and sold pieces of the Tacori Crescent Jewelry without informing customers that the Tacori Crescent Jewelry is being sold without a warranty from Tacori."  (Doc. 1, at PAGEID#: 6, 7).  James Free acknowledges that it has used the Tacori crest in its advertisements, (Doc. 11, at PAGEID#: 101), but expressly disputes the factual allegation that it has misinformed

2

customers about the warranty. Instead, James Free claims that it has "expressly disclosed to any purchasers or potential purchasers of its Tacori merchandise that the jewelry is protected by James Free's warranty, not Tacori's." (Doc. 11, at PAGEID#: 104).

Second, Tacori alleges that James Free "is currently marketing, advertising and selling Tacori Crescent Jewelry that Tacori did not sell to that third party distributor," and that James Free purchased this jewelry either directly or indirectly "from authorized retail stores of Tacori in breach of Tacori's contract with its authorized retailers." (Doc. 1, at PAGEID#: 7). Defendant expressly disputes these factual allegations, claiming instead that James Free "purchased all of its Tacori merchandise from White Pine." (Doc. 11, at PAGEID#: 106).

Finally, Tacori alleges that James Free "modified and/or altered pieces of the Tacori Crescent Jewelry line that it purchased from third party sources," and then sold those pieces as "genuine and authentic Tacori Crescent Jewelry . . . without informing the customer that the jewelry contains non-Tacori parts." (Doc. 1, at PAGEID#: 7). However, James Free expressly disputes these factual allegations, stating that "[a]t no time in its 75-year history has James Free ever wrongfully modified or altered jewelry." (Doc. 8, at PAGEID#: 63-64).

Tacori's Complaint asserts six causes of action against James Free: (1) counterfeiting, (2) trademark infringement, (3) trade dress infringement and false designation of origin, (4) violation of Ohio's Deceptive Trade Practices Act, (5) common law unfair competition, and (6) tortious interference with contract. (Doc. 1).

James Free has moved to dismiss all of Tacori's claims under Federal Rule of

Civil Procedure 12(b)(6). (Doc. 8). James Free argues the merchandise being advertised and sold by James free is genuine, and under the "first sale" doctrine, trademark law does not reach the sale of genuine goods bearing a true mark even if such sale was without the owner's consent. James Free also argues that the conclusory allegations in the complaint fail to state a claim under Rule 12(b)(6).

## II. ANALYSIS

### A. Motion to Dismiss Standard

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B. First sale doctrine

James Free argues that any trademark claims should be dismissed because the Lanham Act does not apply to the genuine merchandise being advertised or sold by James Free.

4

Under the first sale doctrine, "resale by the first purchaser of the original trademarked item is generally neither trademark infringement nor unfair competition." *Brilliance Audio, Inc. v. Haights Cross Communications, Inc.*, 474 F.3d 365, 369 (6th Cir. 2007) (citing *Prestonettes, Inc. v. Coty*, 264 U.S. 359, 368-69 (1924)); *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 766 (6th Cir. 2005) ("The first-sale doctrine provides that 'a purchaser who does no more than stock, display, and resell a producer's product under the producer's trademark violates no right conferred upon the producer by the Lanham Act.'") (quoting *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1076 (9th Cir.), *cert. denied*, 516 U.S. 914, 116 S.Ct. 302, 133 L.Ed.2d 207 (1995)). As the Sixth Circuit has explained, "[t]he rationale for the rule 'is that trademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold.'" *Id.* (quoting *NEC Elecs v. CAL Circuit Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987)).

However, the Sixth Circuit has recognized certain exceptions to the first sale doctrine. For instance, "[t]he first sale doctrine offers no defense when the reseller used the trademark in a manner likely to cause the public to believe the reseller was part of the producer's authorized sales force or one of its franchisees." *PACCAR Inc. v. TeleScan Techs.*, LLC, 319 F.3d 243, 257 (6th Cir. 2003), overruled on other grounds by *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 125 S.Ct. 542, 160 L.Ed.2d 440 (2004)). Here, Tacori has alleged that James Free has used the Tacori trademarks and certificates of authenticity to create the false impression that James Free is an authorized Tacori retailer.

5

Another situation "in which the first sale doctrine does not apply is 'when an alleged infringer sells trademarked goods that are materially different than those sold by the trademark owner.'" *Id.* at 370 (quoting *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1302 (11th Cir. 2001)). In *Brilliance Audio*, the Sixth Circuit explicitly adopted this exception to the first sale doctrine, noting that the "rationale behind the *Davidoff* exception is that a material difference in a product is likely to cause consumer confusion and could dilute the value of the trademark." *Id.* "To be material, a difference must be 'one that consumers consider relevant to a decision about whether to purchase a product.'" *Id.* (quoting *Davidoff*, 263 F.3d at 1302). However, "'[b]ecause a myriad of considerations may influence consumer preferences, the threshold of materiality must be kept low to include even subtle differences between products.'" *Id.* (quoting *Davidoff*, 263 F.3d at 1302). Thus, "the question of materiality is a fact-based inquiry requiring an examination of the products and markets at issue." *Id.* As such, "an allegation of a material difference cannot properly be dismissed on 12(b)(6) grounds." *Id.*

Tacori has alleged that James Free modified and/or altered pieces of Tacori jewelry and then sold that modified and/or altered jewelry to its customers as genuine Tacori merchandise. (Doc. 1, at PAGEID#: 7). By its nature, jewelry modified and/or altered by a second party is not genuine Tacori merchandise. In addition, Tacori has alleged that James Free is selling Tacori Crescent Jewelry without informing customers that such jewelry is being sold without a Tacori warranty. (Id. at PAGEID#: 6, 7). The difference between Tacori's standard warranty and the warranty offered by James Free could constitute a "material difference." *See R.F.A. Brands, LLC v. Beauvais*, No. 13-14615, 2014 WL 7780975, *9 (E.D. Mich. Dec. 23, 2014) ("As plaintiffs correctly argue,

reselling products with inferior warranties constitutes a material difference negating the first sale defense."). Therefore, based on these allegations, the first sale doctrine would not apply and James Free's Motion to Dismiss is denied on this basis.

### C. Counterfeiting Under 15 U.S.C. § 1114(1)

In Count One, Tacori has brought a claim for trademark counterfeiting under 15 U.S.C. § 1114(1). James Free argues that Tacori has not established a claim for trademark counterfeiting because Tacori did not allege that James Free intentionally used the mark knowing that it was counterfeit.

In response, Tacori first argues that the authority on which James Free relies is contrary to the plain language of the Lanham Act. Tacori asserts that counterfeiting under the Lanham Act does not require knowing intent. In the alternative, Tacori argues that it has sufficiently pled its claim regardless of whether intent is required.

This Court has explained that "to establish liability for trademark counterfeiting, Plaintiff must first prevail on its infringement claim and then also show that Defendants intentionally used Plaintiff's mark knowing it was a counterfeit." *Ohio State Univ. v. Skreened Ltd.*, 16 F. Supp. 3d 905, 911 (S.D. Ohio 2014). In an unpublished decision, the Sixth Circuit has also held: "To recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116." *Laukus v. Rio Brands, Inc.*, 391 F. App'x 416, 425 (6th Cir. 2010) (citing 15 U.S.C. § 1117(b)). This Court is bound by these decisions requiring intent.

Regardless, Tacori has sufficiently pled its counterfeiting claim. In its Complaint,

7

Tacori alleges that James Free "modified and/or altered" pieces of Tacori Crescent Jewelry which it then sold to consumers as genuine Tacori jewelry "without informing the customer that the jewelry contains non-Tacori parts." (Doc. 1, at PAGEID#: 7). Tacori attached to its Complaint a picture of what it claims is a modified and/or altered Tacori ring that was advertised on James Free's Facebook page. (See Exhibit F, Doc. 1-7, at PAGEID#: 35). Tacori further alleges that the sale of this modified jewelry was done "willfully." (Doc. 1, at PAGEID#: 9). These allegations satisfy Tacori's burden of pleading intentionality and knowing use. Therefore, James Free's Motion to Dismiss Tacori's claim in Count One for counterfeiting under 15 U.S.C. § 1114(1) is denied.

### D. Trademark Infringement under 15 U.S.C. § 1114(1)

In Count Two, Tacori has brought a claim for trademark infringement under 15 U.S.C. § 1114(1). In order to state a claim for trademark infringement, a party must allege: "(1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark is 'likely to cause confusion among consumers regarding the origin of the goods offered by the parties.'" *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013) (quoting *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 515 (6th Cir. 2007). As the Sixth Circuit has stated, "[t]he touchstone of liability under section 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997).

James Free asserts that Tacori's claim for trademark infringement fails because James Free had consent to sell Tacori products pursuant to its contract with White Pine.

8

However, Tacori points out that in the Complaint, it also alleges that James is currently marketing and selling jewelry that it is not authorized to receive or sell, specifically Style Nos. 2565RD9, 2620RDLGP, HT 2545B12 and 46-RD65. Tacori also alleges that James Free is selling Tacori Crescent Jewelry "without informing customers that the Tacori Crescent Jewelry is being sold without a warranty from Tacori." Finally, Tacori alleges that James Free is modifying and/or altering pieces of Tacori Crescent Jewelry without Tacori's consent and selling them "without informing the customer that the jewelry contains non-Tacori parts." These allegations are sufficient at this stage in the pleadings to state a claim for trademark infringement. Therefore, James Free's Motion to Dismiss Tacori's claim in Count Two for trademark infringement under 15 U.S.C. § 1114(1) is denied.

### E. Effect on Interstate Commerce

In Count Three, Tacori alleges that James Free's conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).[1] "A Lanham Act claim for false designation of origin must contain two elements: (1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998) (citing *Lyon v. Quality Courts United, Inc.*, 249 F.2d 790, 795 (6th Cir. 1957)). The analysis which applies to Section 43(a) claims under the Lanham Act also applies to Tacori's state law claims in Count Four (Ohio Deceptive Trade Practice Act under Ohio Revised Code 4165.02) and Count

---

[1] In its Complaint, Tacori explains that it labeled Count Three as "Trade Dress Infringement and False Designation of Origin" under 15 U.S.C. § 1125(a), but explains that Count Three was mislabeled and should be amended to reflect that it is bringing a claim for trademark infringement and false designation of origin. (Doc. 9, PAGEID#: 90 n.7).

Five (Ohio common law unfair competition). *See Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 784-85 (S.D. Ohio 2009) ("Because the Lanham Act and the Ohio Deceptive Trade Practices Act are substantially similar, 'an analysis appropriate for a determination of liability under section 43(a) of the Lanham Act is also appropriate for determining liability under the Ohio Deceptive Trade Practices Act.'") (quoting *Worthington Foods, Inc. v. Kellog Co.*, 732 F. Supp. 1417, 1431 (S.D. Ohio 1990); *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 920 (6th Cir. 2003) ("Because trademark claims under Ohio law follow the same analysis as those under the Lanham Act, our discussion of the federal trademark claims will therefore encompass the state trademark claims as well.").

James Free argues that Counts Three through Five should be dismissed because Tacori's Complaint failed to allege that any false designation of origin has a substantial effect on commerce as required under 15 U.S.C. § 1125(a). To the extent that this false designation hinders Tacori's ability to conduct its interstate business, it affects interstate commerce. *See Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998).

Tacori has alleged that it "has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its Tacori Crescent Jewelry under the Tacori Trademarks." (Doc. 1, at PAGEID#: 4-5). Tacori states that it advertises its Crescent Jewelry in a variety of national and trade publications, as well as on the internet and through social media. (Id. at PAGEID#: 5). Tacori explains that it partners with authorized retail stores throughout the United States to sell Tacori Crescent Jewelry to the general public, imposing certain requirements on these retailers as a condition of their partnership. (Id.)

Tacori has alleged that James Free "operates its jewelry business in direct competition with Tacori's jewelry business and the authorized retailers of Tacori," (Id. at PAGEID#: 6-7), and has sold "pieces of the Tacori Crescent Jewelry that have no warranty, that have been modified or altered . . . at 20% to 30% below MSRP." (Id. at PAGEID#: 8). Finally, Tacori alleges that "Defendant's aggressive and continued marketing, advertisement, display and sale of Tacori Crescent Jewelry described above has harmed and continues to harm Tacori and its authorized retailers." (Id.) These allegations sufficiently demonstrate a hindrance to Tacori's ability to conduct its interstate business at this stage in the pleadings.

Therefore, James Free's Motion to Dismiss Tacori's claims in Counts Three through Five for false designation of origin under 15 U.S.C. § 1125(a), violation of the Ohio Deceptive Trade Practices Act, and common law unfair competition is denied.

### F. Tortious Interference with Contract

In Ohio, the elements of tortious interference with contract are: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853, 858 (Ohio 1999).

James Free claims that Tacori failed to plead facts showing the existence a contract between Tacori and a third party with which James Free intentionally interfered. However, in the Complaint, Tacori alleges that "Tacori's contract with authorized retailers requires the sale of Tacori Crescent Jewelry to the general public and prohibits the sale of Tacori Crescent Jewelry to any distributor or retailer." (Doc. 1, at PAGEID#:

11

15). Tacori also alleges that "[f]rom 2003 to 2006, Defendant was an authorized retailer of Tacori" and that "Defendant had actual knowledge of Tacori's contractual relations with its authorized retailers, and was aware that Tacori's contract with its authorized retailers requires the sale of Tacori Crescent Jewelry to the general public and prohibits the sale of Tacori Crescent Jewelry to any distributor or retailer." (Id. at PAGEID#: 5, 15). Attached to the Complaint are photos of Tacori Crescent Jewelry that James Free is currently marketing which Tacori did not make available to White Pine. (Doc. 1, at PAGEID#: 7). Tacori alleges that James Free purchased, directly or indirectly, this jewelry from authorized retail stores of Tacori in breach of Tacori's contract with its authorized retailers. (Id.; see also id. at PAGEID#: 15). Tacori alleges that James Free procured this jewelry without justification because it was without authorization. Finally, Tacori alleged that James Free's actions have "interfered with, impeded and hindered Tacori's relationships with its authorized retailers," have "caused specific harm to Tacori's contractual relationship with the authorized retailers," and have "proximately caused damage to Tacori." (Id. at PAGEID#: 15).

Therefore, James Free's Motion to Dismiss Tacori's claim in Count Six for tortious interference with contract is denied.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT